

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 07 C 3061 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| BERGER, NEWMARK AND FENCHEL, ) | |
| P.C., AND LAWRENCE ELMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Josephine Wells has pending sexual harassment and intentional infliction of emotional distress claims against the law firm Berger, Newmark & Fenchel, P.C. ("Berger"). Wells claims Berger turned a blind eye while one of its partners, defendant Larry Elman, barraged her with sexually explicit emails, comments, and innuendo. She maintains Berger failed to address her complaints of harassment, and made empty promises to remedy the hostile work environment.

Discovery has closed and the parties have filed summary judgment motions. Wells moves to disqualify Berger from representing any party in this litigation because: (1) Berger denied her access to potential witnesses and committed potential ethical violations; (2) Berger attorneys Howard Marks and Frank Davenport may be implicated as potential fact witnesses; and (3) Berger has failed to conduct adequate document searches. For the reasons set forth below, Wells' motion is denied.

### II. LEGAL STANDARD

A party is entitled to a degree of deference to proceed with counsel of its choice. *See Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993). Disqualification of a party's chosen attorney is a drastic measure that a court should hesitate to impose except when absolutely necessary. *See Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721-22 (7th Cir. 1982). Because a motion to disqualify may be used as a means of harassment, disqualification is viewed with extreme caution. *Id.* at 722. Wells bears the burden of establishing that disqualification is appropriate. *United States ex rel. Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 21476020, at *2 (N.D. Ill. June 23, 2003) (Darrah, J.); *cf. U.S. v. Micke*, 859 F.2d 473, 480 (7th Cir. 1988).

## III. ANALYSIS

### A. Access to Witnesses and Possible Ethical Violations

Wells argues Berger should be disqualified for denying her access to potential witnesses and violating ethical rules. She claims Berger misinformed her that the firm represented all its current employees. She also contends Berger violated ethical rules by failing to communicate potential conflicts of interest to its employees. Wells fails to demonstrate that either of these reasons warrant the drastic remedy of disqualification.

Wells issued interrogatories requesting Berger to identify all current employees and to provide their contact information. Berger identified the employees, and responded that the employees could be "contacted through [Berger]'s council [sic]." Pl. Mot. Ex. A ¶ 2. Wells interpreted this to mean that Berger represented each of its employees. Berger contests this interpretation, and insists its response meant that employees could be contacted at their work address. Wells did not seek clarification of Berger's response.

2

Wells proceeded to conduct discovery under the assumption that Berger represented all current employees, and therefore did not informally contact them. Wells claims Berger did not disclose to its employees the potential conflict of interest in representation by a defendant in the case. For example, Berger employee Bill Scott revealed that Berger did not apprise him of any potential conflict of interest. Pl. Mot. Ex. B at 39. Wells asserts that this failure to disclose "may" have violated Northern District of Illinois Local Rule 83.51.7 and Illinois Rules of Professional Responsibility 1.7. Pl. Mot. at 3.

Wells' allegations regarding improper denial of access to employees do not warrant the drastic remedy of disqualification. The record does not indicate that Wells sought clarification of Berger's vague interrogatory answer, nor that Wells was affirmatively denied access to interview any Berger employee. Wells' assertion that Berger *may* have violated an ethical rule by not disclosing a potential conflict of interest also does not justify disqualification, as Wells must demonstrate that an actual conflict of interest is at issue. *Phillips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 606 (7th Cir. 1993); *Tizes v. Curico*, No. 94 C 7657, 1997 WL 116797, at *1 (N. D. Ill. Mar. 12, 1997) (Williams, J.). As a result, Wells fails to demonstrate that disqualification is appropriate.

### B. Berger Attorneys As Potential Fact Witnesses

Wells argues that Berger attorneys who have filed appearances, Howard Marks and Frank Davenport, may be fact witnesses at trial and therefore must be disqualified. However, disqualification on the ground that an attorney is also a witness is not mandatory. Rather, the advocate-witness rule "merely vests the trial court with discretion to determine whether counsel

3

may appear as a witness without withdrawing from the case." *See United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983).

Local Rule 83.53.7(a) provides that "a lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify: (1) if the testimony will relate to an uncontested matter; (2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony; (3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or (4) as to any other matter, if refusal to act as an advocate would work a substantial hardship on the client."[1]

Wells argues that even though she will not call Marks and Davenport as witnesses, they will likely testify on behalf of Berger to rebut testimony proffered by Wells' witnesses. Wells contends Marks' testimony is essential to clarify why Marylou Carroll, a former employee who also complained about Elman, was terminated. Deposition testimony revealed that Carroll was terminated due to complaints by Marks. Pl. Mot. Ex. E. Wells argues Carroll was actually terminated in retaliation for complaining about Elman's hostile behavior. According to Wells, Marks may be called as a witness to testify whether Carroll was legitimately terminated for reasons other than retaliation.

Berger insists that Marks will not need to testify, as the decision to terminate Carroll was solely made by Berger's board of directors. Bearing this in mind, it is premature at this juncture

---

[1] In its response brief, Berger mistakenly applies Local Rule 83.53.7(b), which pertains to circumstances when a lawyer-advocate may be called as a witness *other than on behalf of the client*.

4

to determine whether Marks should be disqualified under L.R. 83.53.7. There is an insufficient showing Marks may be called as a witness.

Wells argues Davenport is a potential witness because a harassment complaint was previously made (and communicated) against him. Wells argues Berger will likely call Davenport as a witness because only he can refute testimony that he was previously notified of a sexual harassment claim. Although Wells' argument implicates Davenport and suggests that he may testify on Berger's behalf, it is speculative whether Berger will call Davenport as a witness.

Wells does not offer other grounds for disqualifying the entire Berger law firm. Except under certain narrow circumstances, another lawyer in a disqualified lawyer's firm may continue to act as an advocate in a matter. *See Kramarski v. Village of Orland Park*, No. 00 C 2487, 2000 WL 988531, at * 4 (N.D. Ill. July 17, 2000) (Leinenweber, J.). Wells offers no reason to believe that other Berger lawyers cannot undertake representing the firm without violating L.R. 83.53.7.

### C.   Failure to Conduct Adequate Document Searches

Wells asserts Berger should be disqualified because it failed to conduct adequate document searches and produce key documents. Wells points to four circumstantial incidents in support of her claim: (1) Elman testified he did not search emails for relevant documents; (2) Berger employee Bill Scott was not told to preserve possible evidence relevant to this case; (3) Berger attorney Lynn Soto testified she had a written anti-harassment policy that she failed to produce; and (4) an ex-employee testified that Berger's president previously destroyed discoverable documents in a different lawsuit.

Berger responds that these incidents fails to establish wrongdoing in this case, because: a search of Elman's hard drive was conducted by a third party expert; Bill Scott's emails have no

5

bearing on Wells' sexual harassment claims against Elman; Berger later supplemented its document production to include all relevant documents; and an ex-employee's experience in a previous lawsuit has no relation to Berger's discovery conduct in this case.

Wells does not provide any concrete factual basis to demonstrate that Berger failed to comply with discovery requests, and did so in a manner to justify disqualification. Her arguments are speculative. For example, her assertion that Berger did not search Bill Scott's emails is wanting. It has not been shown that Scott's emails are potentially relevant to Wells' claims. The assertion that Berger destroyed documents in a previous lawsuit does not demonstrate improper activity in *this* case. Wells simply does not provide a reason why the drastic, burdensome sanction of disqualification is warranted.

## IV. CONCLUSION

Wells fails to meet her burden to show that disqualification is appropriate. Accordingly, her motion to disqualify Berger is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

December 27, 2007