IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE WELLS, <br><br> Plaintiff, <br><br> v. <br><br> BERGER, NEWMARK & FENCHEL, P.C. AND LAWRENCE ELMAN, <br><br> Defendants. | Civil Action No.: 07 C 3061 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

In her four-count complaint, Josephine Wells sues Berger, Newmark & Fenchel, P.C. ("Berger") for sexual harassment and constructive discharge under Title VII of the Civil Rights Act of 1964 (Count I) and intentional infliction of emotional distress ("emotional distress") (Count II); and Lawrence Elman for emotional distress (Count III) and battery (Count IV). Wells was employed as a paralegal at the Berger law firm. She claims the law firm turned a blind eye while one of its partners, Elman, barraged her with sexually explicit emails, comments, and innuendo. She maintains Berger failed to address her complaints of harassment, and made empty promises to remedy the hostile work environment.

Trial begins on April 9, 2008. The parties have filed an excessive number of motions *in limine* to bar evidence at trial.

### DISCUSSION

**I.    Motions *in Limine***

  **A.    Legal Standard**

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for

any purpose. *Capuano v. Consolidated Graphics, Inc.*, No. 06 C 5924, 2007 WL 2688421, at *1 (N.D. Ill. Sept. 7, 2007) (Conlon, J.). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (Conlon, J.) Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* Denial of a motion *in limine* does not mean evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989) ("a ruling [on motion *in limine* is] subject to change based upon the court's exposure to the evidence at trial"). The moving party bears the burden of presenting sufficient evidence to meet the high standard applicable to motions *in limine*. *See Clipco, Ltd. v. Ignite Design, LLC*, No. 04 C 5043, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005) (Conlon, J.).

**B.    Defendants' Motions**

### 1. *Motion to Bar Testimony of Witnesses Lacking Personal Knowledge of Wells' claims (Berger and Elman Motion No. 1)*

Defendants move to bar testimony from witnesses David Lloyd, Rosie Williams, Shirley Torry, and Tamii Harris on the ground that they lack personal knowledge of Wells' claims under Fed. R. Evid. 602. Rule 602 provides, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

David Lloyd is a former Berger partner. According to Wells, Lloyd has personal knowledge whether: (1) Berger knew or should have known about Elman's conduct in the

2

workplace; (2) the firm took reasonable steps to prevent recurring harassment, and (3) Elman held sufficient power in the firm to be considered its proxy. Although Lloyd does not have personal knowledge with respect to Wells' specific employment, defendants have failed to show that Lloyd lacks personal knowledge that the law firm was on notice of Elman's purported use of pornography. Defendants' motion to bar Lloyd's testimony is denied. *See, e.g., U.S. v. Briscoe*, 896 F.2d 1476, 1496-97 (7th Cir. 1990) (witness' testimony properly admitted because witness possessed specific knowledge of a particular issue).

Defendants' motion to bar testimony from Rosie Williams, Tamii Harris, and Shirley Torry is also denied. According to Wells, these individuals have personal knowledge regarding the extent of Wells' emotional distress resulting from the purported sexual harassment and Berger's response. Wells bears the burden of showing that she suffered emotional distress, and may proffer evidence of her distress through witness testimony. *See, e.g., Harris v. Office of Banks & Real Estate*, 377 F.3d 698, 715 (7th Cir. 2004) (emotional distress award based on testimony of plaintiffs, co-workers, and family members). Although Williams, Harris, and Torry do not have personal knowledge of Wells' employment, they may have personal knowledge concerning Wells' emotional distress. Defendants' motion is denied.

### 2. *Motion to Exclude Untimely Disclosed Witnesses (Berger Motion No. 2)*

Berger seeks to exclude Paulette Witschi, Veronica Villagomez, Martha Noble, and Marc Roth from testifying at trial because Wells failed to timely identify them in her Rule 26(a)(1) initial disclosures and interrogatory answers. Specifically, Berger contends that Wells did not supplement her Rule 26(a)(1) disclosures with the four additional witnesses until two days before discovery closed. Wells responds that the witnesses were properly disclosed during discovery,

and to the extent they were untimely, Berger is not be prejudiced by their untimely disclosure.

Rule 26(e) requires a party to supplement or amend its disclosures, discovery responses, or interrogatory answers if she learns that information previously disclosed or an earlier discovery response is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)-(2). To ensure compliance with this requirement, Rule 37 provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or . . . 26(e)(2). . . is not, unless such a failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Ultimately, the effect of Rules 26(e) and 37 is to exclude undisclosed evidence unless the information is made known to the other side in the context of the case itself. *Capuano*, 2007 WL 2688421, at *2 (citation omitted).

Testimony from Paulette Witschi is not barred. Her identity and relevance to this litigation was "made known" to Berger during Wells' deposition. *See* Pl. Mot. Ex. A at 42-43; 102-105. Wells testified about Witschi's role in her employment at Berger. *Id.* As a result, an amendment of Well's Rule 26(a) disclosures to include Witschi was not required, and is not subject to exclusion. *See Buffone v. Rosebud Rests., Inc.*, No. C. 05 C 5551, 2006 WL 2425327, at *3 (N.D. Ill. Aug. 21, 2006) (Conlon, J.) (parties need not supplement disclosures of a witness if the witness is identified during a deposition).

Similarly, Berger's motion is denied with respect to Villagomez, Noble, and Roth. First, it is undisputed that disclosure of these potential witnesses was made within the discovery period. Second, their identities were also "made known" in the context of this case, curing any

prejudice that Berger claims on timeliness grounds. Indeed, Villagomez, Noble, and Roth are former Berger employees, and their names and addresses were initially provided by *Berger* to Wells on September 10, 2007. Therefore, Berger cannot claim prejudicial surprise because it was aware of their identities even before the litigation began.

In addition, Wells' late disclosure was substantially justified and harmless. The court has broad discretion to determine whether a Rule 26(a) violation is justified or harmless. *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). The following factors guide the court: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003). Berger was not prejudiced by Wells' untimely disclosure given that the identities of Villagomez, Noble and Roth were known to Berger prior to this litigation.[1] Berger therefore could not have been surprised by their disclosure, and it was incumbent on Berger to exercise its own independent judgment about the significance of the witnesses and their relationship to this case. *Cf. Se-Kure Controls, Inc. v. Vanguard Prod. Group, Inc.*, No. 02 C 3767, 2007 WL 781250, at *2 (N.D. Ill. Mar. 12, 2007) (Cole, M.J.) (parties should make own judgments of significance of information already in its possession). Moreover, if Berger was prejudiced by the late disclosure, it could have sought a limited extension of discovery to depose these former employees. *See, e.g., David v. Caterpillar Inc.*, 324 F.3d 851, 857-58 (7th Cir. 2003) (undisclosed witness not barred where defendant

---

[1] Notably, despite Wells' request for phone numbers for the individuals, Berger only provided their addresses, further justifying Wells' supplemental disclosure of these prospective witnesses two days before discovery closed.

5

failed to seek continuance to redress matter). For these reasons, Berger's motion is denied.

### 3. *Motion to Exclude All Witnesses From Trial Except Wells (Berger Motion No. 3)*

In a duplicative argument, Berger moves to exclude witnesses other than Wells from testifying because she did not amend an interrogatory answer identifying her trial witnesses. Berger's interrogatory # 7 requested Wells to identify witnesses (and the nature of their testimony) Wells intended to call to testify. Wells responded that she had "not yet compiled a witness list for trial." Berger claims all Wells' witnesses should be barred because she never amended this non-informative answer. Berger's argument is deficient.

As discussed above, Wells was under no duty to amend her interrogatory response because the identities of the witnesses were "made known to [Berger] during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).[2] First, in Wells' initial Rule 26(a) disclosures, she named ten persons with knowledge of her claims. Pl. Resp. at Ex. B. She supplemented this list on November 13, 2007. The supplemental Rule 26(a) disclosures named five of her additional witnesses. *Id.* at Ex. E. Second, Wells served Berger with an interrogatory supplement on November 13, 2007, incorporating by reference her Rule 26(a) disclosures. *Id.* at Ex. D. Because the identities of each of Wells' witnesses were made known to Berger in these discovery documents, Berger's motion lacks merit. *See, e.g., David*, 324 F.3d at 857-58 (witness not barred because defendant had known of witness long before trial); *Gutierrez*, 382 F.3d at 733 (evidence not excluded because defendants had knowledge through deposition testimony);

---

[2] The purpose of this rule is to prevent "unfair surprise" by ensuring that the other party has adequate notice of new information. *See Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005); *Gutierrez v. AT & T Broadband, LLC*, 382 F.3d 725, 732-34 (7th Cir. 2004).

6

*Se-Kure Controls, Inc. v. Vanguard Prod. Group*, No. 02 C 3767, 2007 WL 781253, at *6 (N.D. Ill. Mar. 7, 2007) (Cole, M.J.) (although discovery responses were not updated, preclusion was unwarranted because evidence was made known to the other side).

### 4. Motion to Bar Evidence of the Illinois Department of Human Rights and Illinois Department of Employment Security Findings (Berger Motion No. 4; Elman Motion No. 3)

Defendants move to bar evidence of the Illinois Department of Human Rights ("IDHR") and Illinois Department of Employment Security ("IDES") rulings, findings, or determinations pertaining to this matter. Defendants argue this evidence of collateral administrative proceedings is inadmissible under Fed. R. Evid. 403 because the prejudicial effect would substantially outweigh any probative value.

The probative value of the IDHR and IDES findings are substantially outweighed by the danger of unfair prejudice, as the conclusions can be improperly interpreted as an indication of liability. *See, e.g., Conrad v. P.T.O. Services, Inc.*, No. 95 C 2622, 1996 WL 296652, at *7-8 (N.D. Ill. June 3, 1996) (Conlon, J.) (IDES finding precluded); *Robinson v. Sinclair & Valentine, L.P.*, No. 90 C 4005, 1993 WL 47293 (N.D. Ill. Feb. 22, 1993) (Williams, J.) (same); *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686, 692-93 (N.D. Ill. 1994) (Castillo, J.) (IDHR conclusion subject to exclusion because of prejudicial value). This is especially true considering that the conclusions of the administrative findings do not have any bearing on Wells' common law claims. Therefore, counsel is prohibited from presenting any evidence or argument with respect to the IDHR and IDES findings.

With respect to other IDHR and IDES documents or evidence, defendants do not identify any specific documents that should be excluded. As a result, the court declines to rule on

vaguely described evidence. *See, e.g., Osuji v. City of Chicago*, No. 02 C 4199, 2005 WL 1799277, at *3 (N.D. Ill. July 26, 2005) (Manning, J.) (declining to rule on unspecified evidence).

### 5. *Motion to Bar Evidence of Elman's Misconduct Before and After Wells' Employment (Berger Motion No. 5; Elman Motion No. 2)*

Defendants move to bar evidence of Elman's misconduct before and after Wells' employment pursuant to Fed. R. Evid. 402, 403, and 404. Defendants claim Elman's other purported misconduct is irrelevant to Wells' claims, and to the extent the evidence is relevant, it is prejudicial and misleading. Defendants also submit that evidence of other misconduct is inadmissible as prior bad acts. Wells responds that evidence of Elman's misconduct before and after her employment is relevant to multiple factual disputes.

In order for evidence to be relevant, it must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. According to Wells, Elman's conduct before and after her employment relates to whether: (1) Berger knew or should have known about Elman's purported use of pornography; (2) the firm took reasonable steps to prevent Elman from harassing Wells; (3) the firm adequately responded to Wells' complaint; and (4) further complaints by Wells would have been futile. Evidence regarding Elman's other purported misbehavior may be relevant to determining whether the law firm acted with intent to inflict emotional distress by failing to address her complaints. The evidence may be relevant to determining whether Elman held a high enough position in the firm to immunize himself from any discipline. This evidence may have significant probative value in determining whether

8

Berger is liable for Elman's acts. Evidence of Elman's past and present conduct is not clearly inadmissible on relevancy grounds.

Nor is the evidence clearly inadmissible because of a substantial danger of unfair prejudice. Apart from conclusorily stating that defendants will be prejudiced, they offer nothing more. Defendants provide no context or particulars about resulting prejudice. Nor do defendants develop any argument regarding why evidence of Elman's past conduct constitutes prior bad acts not directly pertinent to this case. Evidence of Elman's past conduct may pertain to the firm's knowledge of Elman's workplace habits. *See* Fed. R. Evid. 404(b) (evidence of other acts may be admissible to show knowledge). Finally, defendants do not acknowledge that potential jury confusion or prejudice may be prevented by a limiting instruction. *See U.S. v. Ross*, 510 F.3d 702, 711 (7th Cir. 2007) (limiting instruction minimizes risk of prejudice).

### 6. *Motion to Bar Evidence Regarding Barry Elman (Berger Motion No. 6; Elman Motion No. 4)*

Defendants move to exclude evidence regarding Elman's father, Barry Elman. Defendants assert this evidence should be excluded because it is irrelevant, confusing and likely to mislead the jury. Wells claims that evidence about Barry Elman is pertinent to resolve whether Elman can be considered a proxy for the firm.

Wells contends Berger is directly liable for Elman's sexual harassment because Elman is a proxy for the firm. *Wells v. Berger, Newmark & Fenchel, P.C.*, No. 07 C 3061, 2008 WL 149966, at *7-8 (N.D. Ill. Jan. 10, 2008). Defendants contest this characterization, arguing that Elman was simply an employee with little control over the firm. Part of Wells' theory is that Larry Elman held influence over the firm because of the clients he inherited from Barry Elman, a former Berger

president. This evidence is potentially relevant to support an inference that Elman was a proxy for the firm. Defendants fail to show that evidence of Barry Elman is clearly inadmissible and should be barred before trial.

### 7. *Motion to Sequester Witnesses (Berger Motion No. 7; Elman Motion No. 6)*

Defendants move to sequester non-party witnesses from attending the trial or being in the courtroom any time prior to their testimony. The purpose of sequestration is to ensure that a witness is untainted by the testimony of others. *Mojsilovic v. INS*, 156 F.3d 743, 749 (7th Cir. 1998). Wells does not object to the motions. The motions are granted. Non-party witnesses are not permitted to attend the trial and shall not be in the courtroom prior to their testimony.

### 8. *Motion to Exclude Evidence of Race (Berger Motion No. 7; Elman Motion No. 5)*

Defendants argue that Wells may introduce evidence she was discriminated against or harassed because of her race. Wells states she has no such intention. Wells does not dispute that evidence regarding any party's race identity is irrelevant under Fed. R. Evid. 402. Evidence or arguments referring to racial identity may also confuse the jury with respect to Wells' claims. Counsel shall not introduce evidence referring to racial identity or refer to race in comments to the jury.

### 9. *Motion to Bar Evidence of Partner Compensation (Motion No. 8)*

Berger moves to bar evidence of partner compensation by conclusorily stating this evidence is irrelevant and may lead to confusion and prejudice the law firm. Partner compensation evidence is potentially relevant to whether Elman may be considered Berger's alter-ego. Berger's motion to bar all evidence of partner compensation is denied as premature and overbroad. Counsel may object

to evidence at trial in the appropriate context. *See, e.g., Hawthorne*, 831 F. Supp. at 1401 ("without the context of trial, the court is unable to determine whether the evidence in question should be excluded").

## C. Wells' Motions

### *1. Motion to Sanction Defendants For Spoliation of Evidence (Motion No. 1)*

Wells argues that because defendants failed to adequately preserve Elman's hard drive (to be searched for relevant computer files), (1) a statement should be read to the jury explaining that defendants did not take steps to preserve Elman's computer; (2) defendants should be prohibited from arguments based on the absence of pornographic or sexually explicit email evidence; and (3) defendants should be prohibited from using or referencing Wells' computer records or emails. Defendants respond that Wells' request is premised on the false notion that evidence on Elman's computer even existed.

The court has inherent discretion to impose sanctions where necessary to prevent abuses of the judicial process and to promote the efficient administration of justice. *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir.1993); *Langley v. Union Electric Co.*, 107 F.3d 510, 513 (7th Cir. 1997). This power includes sanctioning parties for failure to preserve potential evidence that is properly discoverable. *Wiginton v. Ellis*, No. 02 C 6832, 2003 WL 22439865, at *3 n.5, 4 (N.D. Ill. Oct 27, 2003) (Anderson, J.). The guiding principle is that "[a]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Langley*, 107 F.3d at 515 (internal quotations and citations omitted). Because Wells seeks an issue-related sanction (as opposed to a default judgment sanction), she must show by a preponderance of the evidence that a sanction is warranted. *Shepherd v. Am. Broad. Comp., Inc.*, 62 F.3d 1469, 1472, 1477 (D.D.C.

1995); *Larson v. Bank One Corp.*, No. 00 C 2100, 2005 WL 4652509, at *9 (N.D. Ill. Aug. 18, 2005) (Denlow, M.J.) (citations omitted)

In determining whether sanctions are appropriate for spoliation, the court is guided by whether (1) there was a duty to preserve the specific documents; (2) that duty or obligation was breached; (3) there was willfulness, bad faith, or fault; (4) Wells was prejudiced; and (5) an appropriate sanction can ameliorate the prejudice from the breach. *Larson*, 2005 WL 4652509, at *10.

A party has a duty to preserve evidence over which it had control and reasonably knew or could reasonably foresee was material to a potential legal action. *Wiginton*, 2003 WL 22439865, at *4 (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1). This duty extends to "evidence that [the party] has notice is reasonably likely to be the subject of a discovery request." *Wiginton*, 2003 WL 22439865 at *4. Notice need not take the form of a formal discovery request. *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 519968, at *5 (N.D. Ill. Aug. 30, 1995) (Nordberg, J.). Notice may be received *before* a complaint is filed if it is known that litigation is likely to begin, or a party is alerted that certain information is likely to be sought in discovery. *Cohn*, 1995 WL 519968, at *5.

Wells asserts that defendants had a duty to preserve evidence on Elman's computer in December 2005, because that is when Berger had notice that information on Elman's computer would be sought in discovery. In December 2005, Wells filed IDHR charges against Berger and Elman. Defendants respond that the IDHR and EEOC charges lacked any reference to offensive emails. Contrary to defendants' representation to the court, the IDHR investigation report indicates that the parties unequivocally contemplated the materiality of Elman's sexually offensive emails. Pl. Reply Ex. A at 2, 3 ¶ 5. Thus, defendants had a duty to preserve discoverable evidence on

Elman's computer in 2005.

This duty was breached because Berger did nothing to preserve Elman's computer until April or May 2007. Instead, Berger allowed Elman to continue using his work computer for well over one year without reviewing, monitoring, or copying his emails, or otherwise securing discoverable computer file information. This is particularly important because continued use of Elman's computer made it more likely that emails marked for deletion would eventually be overwritten and permanently lost. Pl. Mot. Ex. 1 at ¶¶ 11-20. Elman testified that he deleted all emails with sexual images on them. Pl. Mot. Ex. 3 at 88. When Elman's hard drive was finally searched, it yielded very little, and Berger's computer consultant attested he could not determine how many files were permanently lost. Pl. Mot. Ex. 1 ¶ 20.

Defendants argue that it is unknown whether relevant documents even existed on Elman's computer. However, this does not negate the fact that defendants disregarded their obligation to *preserve* Elman's computer files. As a result, the reasonableness of defendants' conduct is diminished. *Cf. Krumweide v. Brighton Assocs.*, LLC, No. 05 C 3003, 2006 U.S. Dist. LEXIS 31669, at *26 (N.D. Ill. May 8, 2006) (Ashman, M.J.) (fault is determined by the reasonableness of the conduct).

What is more, Wells may be prejudiced by the absence of any computer file evidence because an inference might be drawn that Wells was not exposed to sexually offensive emails. To avoid this unfair prejudice, the following statement shall be given to the jury:

> During this trial, you will hear about pornographic images and sexually explicit jokes that defendant Lawrence Elman allegedly showed and read to plaintiff Josephine Wells. Defendants dispute that this occurred. You will not see pornographic pictures or sexually explicit jokes during the trial but you should not consider this as favoring one side or the other. Neither Berger, Newmark & Fenchel nor Lawrence Elman

took steps to preserve Mr. Elman's computer records and emails during the relevant time.

Additionally, defendants are prohibited from offering any argument or comments suggesting that the lack of pornographic emails in evidence *supports* a finding that the emails never existed nor were shown to Wells.

Finally, as a further sanction, Wells argues that defendants should be prohibited from using or referring to her own emails or her computer records because Berger preserved her computer files. This request is overly broad and vague, and would not be in proportion to defendants' breach of their duty. Wells' argument that her computer files are alternatively inadmissible because they were untimely disclosed is also deficient. Although the pretrial order identifies thirty-six such documents, Wells provides little context to ascertain how she was prejudiced by the untimeliness of each disputed document. Therefore, it is premature to bar defendants from using Wells' electronic documents. Counsel may object to irrelevant evidence at trial. *See, e.g., Hawthorne*, 831 F. Supp. at 1401 ("without the context of trial, the court is unable to determine whether the evidence in question should be excluded").

### 2. *Motion to Bar Evidence of Berger's Finances (Motion No. 2)*

Under Fed. R. Civ. P. 37(c)(1), Wells moves to bar evidence or reference to Berger's finances. Berger does not oppose the motion.

Wells contends that Berger did not indicate in its Rule 26(a) disclosures or any subsequent disclosure that it intended to rely on documents related to its financial condition. Instead, Berger flatly rejected producing documents related to Berger's accounting, revenue, and corporate documents. Pl. Mot. Ex. 1. Berger never supplemented its production or any disclosure with

evidence of its accounting, revenue, and financial condition. Nor has Berger responded that its failure to do so was either justified or harmless under Fed. R. Civ. P. 37. As a result, Wells' motion *in limine* to bar evidence of Berger's finances is granted.

### 3. *Motion to Prohibit Reference to the Bankruptcy Estate's Potential Ownership of the Lawsuit (Motion No. 3)*

Under Fed. R. Evid. 402 and 403, Wells moves to prohibit reference to the bankruptcy estate's potential ownership of her claims. In 2005, Wells filed for Chapter 13 bankruptcy, which was later converted to a Chapter 7 bankruptcy in October 2007. The Chapter 7 bankruptcy trustee has taken no formal steps to obtain a ruling regarding whether the estate owns her present claims against Berger and Elman. Currently this lawsuit is scheduled as a post-petition asset.

Wells argues that the issue of whether the bankruptcy estate owns this lawsuit is not relevant to any matters before the jury and is therefore subject to exclusion. Indeed, ownership of this lawsuit has no bearing on Wells' sexual harassment, emotional distress, or battery claims. It therefore does not have any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Introduction of the bankruptcy estate's interest in this case may confuse the jury regarding the elements of Wells' claims and a calculation of damages. All counsel are therefore prohibited from referring to or introducing evidence of the bankruptcy estate's potential ownership of this lawsuit.

### 4. *Motion to Sequester Witnesses and Prohibit Attorneys Howard Marks and Frank Davenport From Testifying or Acting As Berger's Trial Counsel (Motion No. 4)*

As set forth above, defendants' motions to sequester witnesses are granted. Wells' motion to sequester witnesses is also granted.

Wells moves to prohibit Berger trial attorneys Frank Davenport and Howard Marks from

15

being called as rebuttal witnesses. Berger does not contest this motion. Local Rule 83.53.7(a) provides that "a lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify: (1) if the testimony will relate to an uncontested matter; (2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony; (3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or (4) as to any other matter, if refusal to act as an advocate would work a substantial hardship on the client." There is no indication that testimony from Davenport or Marks would be undisputed, non-controversial, or necessary to avoid a substantial hardship. As a result, Davenport and Marks are prohibited from testifying on behalf of Berger and acting as trial counsel at the same time.

## CONCLUSION

Berger's motions *in limine* 1, 2, 3, 5, 6, and 8 and Elman's motions *in limine* 1, 2, and 4 are denied. Berger's motion *in limine* 7 is granted and its motion *in limine* 4 is granted in part. Elman's motions *in limine* 5 and 6 are granted and his motion *in limine* 3 is granted in part. Wells' motions *in limine* 2 and 4 are granted, and her motions *in limine* 1 and 3 are granted in part.

Counsel for all parties shall not offer testimony or make comments in the jury's presence concerning the following subjects:

- the IDHR and IDES findings and conclusions;
- racial identities or race in general;
- the lack of pornographic emails in evidence as support that emails never existed nor were shown to Wells;
- the bankruptcy estate's ownership or potential ownership of the lawsuit; and

- Berger's financial condition, including but not limited to its accounting and revenue.

The court shall read the following instruction to the jury before opening statements:

During this trial, you will hear about pornographic images and sexually explicit jokes that defendant Lawrence Elman allegedly showed and read to plaintiff Josephine Wells. Defendants dispute that this occurred. You will not see pornographic pictures or sexually explicit jokes during the trial but you should not consider this as favoring one side or the other. Neither Berger, Newmark & Fenchel nor Lawrence Elman took steps to preserve Mr. Elman's computer records and emails during the relevant time.

Additionally, non-party witnesses are not permitted to attend the trial and shall not be in the courtroom prior to their testimony. Nor will Davenport and Marks be allowed to testify on behalf of Berger if they proceed as trial counsel before the jury. Counsel shall instruct witnesses not to volunteer comments on the foregoing subjects.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 18, 2008